NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0787-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

KAMILA CASON, a/k/a KAREN SMITH,

 Defendant-Appellant.
—————————————————————————————

 Submitted March 30, 2017 – Decided July 6, 2017

 Before Judges Lihotz and Hoffman.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Indictment No.
 05-09-1315.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (David A. Snyder, Designated
 Counsel, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Jennifer E. Kmieciak,
 Deputy Attorney General, of counsel and on the
 brief).

PER CURIAM

 Defendant Kamila Cason appeals from the May 27, 2015 Law

Division order denying her post-conviction relief (PCR) petition

alleging ineffective assistance of counsel. We affirm.
 Defendant shared a Jersey City first-floor apartment with her

friend, K.W. On June 4, 2005, the two began arguing over a ten-

dollar debt, and after a series of altercations, defendant lit

several fires in the apartment. Second-floor tenants, a mother

and her two sons, managed to escape the fire; however, one of the

sons died later that night from smoke inhalation.

 In 2008, a jury convicted defendant of felony murder and

three counts of aggravated arson. On February 27, 2009, the trial

court sentenced defendant to forty years imprisonment, with an

eighty-five percent parole ineligibility period pursuant to the

No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant

appealed, and we affirmed her conviction and sentence in an

unpublished opinion. State v. Cason, A-2612-09 (App. Div. Oct.

3, 2012), certif. denied, 213 N.J. 390 (2013).

 On December 30, 2013, defendant filed a pro se petition for

PCR. In her petition, defendant alleged she received ineffective

assistance because: (a) "her trial attorney did not interview and

call as witnesses the owners of the building that was burnt down;"

(b) "her trial attorney did not interview and call as a witness

[S.J.], who could provide an alibi for [defendant's] whereabouts

at the time of the beginning of the fire;" and (c) "her trial

attorney did not retain a forensic arson investigator expert to

rebut the State's arson investigator."

 2 A-0787-15T2
 On April 30, 2015, Judge Mitzy Galis-Menendez held an

evidentiary hearing on defendant's petition. The judge first

heard the testimony of S.J., defendant's alibi witness and long-

time friend. S.J. testified she and defendant attended a barbeque

at the time of the fire. On cross-examination, however, she

acknowledged attending "most days" of defendant's trial and

knowing defendant received a forty-year sentence. Nevertheless,

she testified she never told defendant's attorney or law

enforcement she could provide an alibi for defendant. Defendant

then testified she told her trial attorney that S.J. "could verify

that I was with her at the time of the fire."

 The State then presented testimony from defendant's trial

attorney, who said her trial strategy attempted to blame K.W. for

starting the fire. She explained that K.W "was being evicted[,]

[a]nd so it was my theory that she was getting back at the

landlord[,] and she was the one that set fire to the . . .

apartment." At trial, testimony from a court employee established

the landlord had filed eviction proceedings against K.W. less than

two months before the fire. Defendant's trial attorney testified

she had no recollection of defendant ever mentioning an alibi

witness or the name S.J.

 On May 27, 2015, Judge Galis-Menendez entered an order denying

PCR, accompanied by a nineteen-page written opinion. The judge

 3 A-0787-15T2
found "no evidence that would lead to the conclusion" that the

performance of defendant's trial attorney "fell below an objective

standard of reasonableness or that her performance materially

contributed to [defendant's] conviction."

 Regarding the alleged failure to call as witnesses the owners

of the building that burned down, the judge noted that defendant

failed to provide any certifications from the owners of the

building; regardless, the judge found no evidence that "any

testimony from the owners" would "have changed the outcome of the

case." Of note, the testimony of the court employee effectively

established the pending eviction proceedings against K.W.

 The judge also rejected S.J.'s testimony that she could have

provided defendant with an alibi defense, finding her testimony

not credible. Instead, the judge credited the testimony of

defendant's trial attorney that defendant never mentioned the name

S.J. as a possible alibi witness, nor was an alibi issue "raised,

discussed or contemplated after review of the discovery or after

speaking with [defendant]."

 The judge further rejected defendant's claim regarding the

failure to retain a forensic arson investigation expert to rebut

the State's arson investigator. The judge found no evidence to

conclude that "a rebuttal expert would have changed the outcome

 4 A-0787-15T2
of the case," especially in light of the defense contention that

defendant did not start the fire.

 This appeal followed, with defendant presenting the following

argument for consideration:

 THE PCR COURT COMMITTED ERROR IN DENYING THE
 DEFENDANT'S PCR PETITION BECAUSE THE DEFENDANT
 MADE A PRIMA FACIE SHOWING OF INEFFECTIVE
 ASSISTANCE OF COUNSEL AND MET HER BURDEN BY A
 PREPONDERANCE OF THE EVIDENCE.

Following review of the pleadings and arguments advanced, in light

of the record and applicable law, we affirm substantially for the

reasons stated by Judge Galis-Menendez in her cogent written

opinion. We find no basis to interfere with the order under

review.

 Affirmed.

 5 A-0787-15T2